**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN WECKESSER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV982-LG-JMR** |
| | § | |
| **CHICAGO BRIDGE & IRON,** | § | |
| **L.G. BARCUS, INC., AND CITY OF** | § | |
| **BILOXI, MISSISSIPPI** | § | **DEFENDANTS** |

<u>**ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

**BEFORE THE COURT** is the Motion to Dismiss [16] filed by Defendant, City of

Biloxi, Mississippi, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).  Upon reviewing the

submissions of the parties and the relevant law, the Court finds that Defendant's Motion should

be granted, and Plaintiff's Complaint should be dismissed for lack of jurisdiction.

FACTS

On August 2, 2007, John Weckesser, a pro se plaintiff, filed a Complaint against the City

of Biloxi, L.G. Barcus, and Chicago Bridge alleging that Defendants damaged his home and

vehicle, during the construction of a water tower.  Plaintiff alleges that the construction caused

the following damage to his home: cracked ceilings, cracked floors, damaged vinyl siding and

shingles, and cracked walls.  Plaintiff's home and car were also allegedly damaged by an

overspray of epoxy paint.   Furthermore, Plaintiff alleges that Defendants graded the site to a

level higher than the surrounding area, which caused water to pool on his property.  Plaintiff also

asserts that he suffered emotional distress.

DISCUSSION

The City asserts in its Motion that this action should be dismissed for lack of subject

matter jurisdiction.  In determining the City's Motion, this Court must construe Plaintiff's

Complaint liberally, since he is a pro se plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

He has not specifically asserted any violation of his Constitutional rights or any violation of

federal law, and has not stated the grounds upon which this Court's jurisdiction depends.  *See*

FED. R. CIV. P. 8(a).

> Regarding the issue of the complaint's deficiency in alleging proper
> jurisdiction, it is well settled that where a complaint fails to cite the statute
> conferring jurisdiction, the omission will not defeat jurisdiction if the facts
> alleged in the complaint satisfy the jurisdictional requirements of the statute.
> Moreover the district court has a duty under Rule 8(a) of the Federal Rules of
> Civil Procedure to read the complaint liberally and determine whether the
> facts set forth justify it in assuming jurisdiction on grounds other than those
> pleaded.

*Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980) (citing *Southpark Square Ltd. v.*

*City of Jackson*, 565 F,2d 338, 341 n.2 (5th Cir. 1977) (other citations omitted)).

Under 28 U.S.C. § 1332, diversity jurisdiction exists over all civil actions in which the

matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs,

and the dispute is between citizens of different states.  Diversity jurisdiction does not exist in this

case because Plaintiff and the City of Biloxi are both residents of Mississippi.

Under 28 U.S.C. §1331, federal question jurisdiction exists over all civil actions arising

under the Constitution, laws, or treaties of the United States.  In his Complaint and in pleadings

submitted in opposition to the City's Motion to Dismiss, Plaintiff alleges nuisance, property

damage, negligence, and reckless disregard– all state law claims.  Even when the Complaint is

given the most liberal interpretation, Plaintiff has not asserted facts sufficient to constitute a

claim for violation of any constitutional right or federal statute.  For example, he has not alleged

a federal takings claim, since he has not asserted that he was deprived of his property without just compensation and has not demonstrated that he used available state procedures to seek just compensation prior to bringing this lawsuit.  *See John Corp. v. City of Houston*, 214 F.3d 573, 580 (5th Cir. 2000).  Additionally, Plaintiff has not asserted a due process claim, since he asserts only negligent and reckless conduct.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. . . .  Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property.").  Therefore, because this Court is unable to discern any federal question raised by the allegations of Plaintiff's Complaint, the Court concludes that it lacks subject matter jurisdiction.  Rather, Plaintiff's claims belong in Mississippi state court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the City of Biloxi's Motion to Dismiss [16] is **GRANTED**.  This action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2007.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE